# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

FEDERAL HOME LOAN MORTGAGE )
CORPORATION, )
            )
      Plaintiff, )
            )
vs. )     CASE NO.  4:18CV1405 HEA
            )
WILMA M. PENNINGTON-THURMAN, )
            )
      Defendant. )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, [Doc. No. 6]. Defendant has failed to file a response in opposition. For the reasons set forth below, the Motion will be granted.

## Facts and Background

Defendant executed a Note and Deed of Trust, which was secured by property, on March 29, 2001, to secure a Note and indebtedness in the amount of $81,868.00. The Deed of Trust was recorded on April 4, 2001 in Book 1687, Page 4478 in the Office of the Recorder of Deeds for the City of St. Louis, Missouri. On November 13, 2013, Millsap & Singer, P.C., as Successor Trustee, conducted a foreclosure sale of the property. Plaintiff was the highest bidder for the amount of $26,806.98 and was granted a Successor Trustee's Deed Under Foreclosure. This

deed was recorded on December 4, 2014, in Book 12042014, Page 0119, in the Office of the Recorder of Deeds for the City of St. Louis, Missouri.

On April 30, 2018, Plaintiff filed a Verified Petition to Strike Non-Consensual Lien Pursuant to RSMo §428.120 and § 428.135 and to Quiet Title. Plaintiff verifies in its Petition that Plaintiff was and continues to be the fee simple owner of property pursuant to the Trustee's Deed.

ON August 23, 2018, Defendant, acting *pro se*, filed a Notice of Removal "pursuant to Rule 11 of the Federal Rules of Civil Procedure." Defendant claimed that "Plaintiff's claims in this matter are barred by claim preclusion or res judicata."

## Legal Standards

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)). A case must be

remanded if, at anytime, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

Diversity of citizenship jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

## Discussion

Defendant fails completely to set forth the basis of the removal. Although she claims that the removal is "pursuant to Rule 11 of the Federal Rules of Civil Procedure," removal is not effectuated under Rule 11. Assuming Defendant intended to remove this matter pursuant to the Court's diversity of citizenship jurisdiction, Defendant has failed to establish that such jurisdiction attaches in this case.

When removal is based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" unless "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A). In that case, "the notice of removal may assert the amount in controversy." *Id.* Missouri does not permit a plaintiff to demand a specific sum, so

the Court looks to the Notice of Removal to ascertain the amount in controversy. To show the amount in controversy is met, Defendant's burden is a pleading requirement and not a demand for proof. *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013). "Confusion may arise because the relevant jurisdictional fact, that is, the issue that must be proved by the preponderance of evidence, is easily misidentified. The jurisdictional fact...is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are...." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). The defendant need only demonstrate a fact finder could legally award more than $75,000. *Hartis v. Chicago Title Ins. Co.*, 656 F.3d 778, 781 (8th Cir. 2009).

Defendant's removal is completely devoid of any support for establishing that the amount in controversy in this matter satisfies the jurisdictional requirement. The Notice of Removal merely claims that the property was "sold unlawfully to Federal Home Loan Mortgage Corporation." Defendant has failed to satisfy her burden of pleading the jurisdictional amount in controversy.

## Conclusion

Defendant has failed to establish the Court has jurisdiction over this matter. As such, this action must be remanded.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [Doc. No. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court of the City of St. Louis, Missouri.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney's fees and costs are denied.

An appropriate Order of Remand is entered this same date.

Dated this 14th day of February, 2019.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE